**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DAVID WILLIAMS**                                                                         **PLAINTIFF**
**ADC # 78730**

**VS.**              **CASE NO. 5:09CV00163-JMM-BD**

**SCOTT HORNER**                                                         **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Partial Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

II.     **Background**:

Plaintiff, an inmate incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this lawsuit pro se under 42 U.S.C. § 1983 (docket entry #2). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (#1), which was granted.[1] In his Complaint, Plaintiff alleges that Defendant Horner violated his constitutional rights by failing to turn on the lights in his cell at 7:00 a.m. in accordance with ADC policy on five occasions.[2] Plaintiff claims that Defendant Horner has violated his first, eighth, and fourteenth amendment rights.[3] Because Plaintiff's Complaint fails to state a claim for relief, this Court recommends that the Complaint be DISMISSED, with prejudice.

---

[1] Although Plaintiff is now incarcerated at the Varner Unit of the ADC, the events giving rise to this lawsuit occurred while Plaintiff was housed at the Varner Super Max Unit of the ADC.

[2] Plaintiff claims that ADC officials failed to turn on the lights in his cell at 7:00 a.m. on at least twelve occasions, but Defendant Horner is identified as the individual responsible on only five dates: November 3, 2005, November 23, 2005, January 10, 2006, April 23, 2006, and June 3, 2006.

[3] In his Complaint, Plaintiff states that he brings his retaliatory discipline claim under both the first amendment and the fourteenth amendment's due process clause. In addition, Plaintiff states that Defendant Horner placed him at a "substantial risk of serious harm" when he called Plaintiff a "snitch" in front of other inmates. To the extent that Plaintiff claims that Defendant Horner failed to protect him in violation of the Eighth Amendment, this claim fails. Plaintiff fails to allege that he suffered any injury as a result of Defendant Horner's alleged misconduct. See *Irving v. Dormire*, 519 F.3d 441 (8th Cir. 2008) (stating that "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*").

**III.** **<u>Discussion</u>:**

    A.    Screening of Prisoner Complaints:

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The Complaint in this case fails to state a claim for relief and should be dismissed.

    B.    Federal Rule of Civil Procedure 12(b)(6):

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). However, broad conclusory allegations, even in a pro se complaint are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

In deciding whether a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the

possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at 1974.

    C.    First Amendment Claim

In his Complaint, Plaintiff alleges that Defendant Horner violated his first amendment right to meaningful access to the courts by failing to turn on the lights in Plaintiff's cell at 7:00 a.m. on five occasions. He claims that Defendant Horner's conduct interfered with his ability to "do legal work."

An allegation that prison officials have impeded access to the courts, standing alone, is insufficient to establish a constitutional violation. To establish such a violation, a prisoner must prove that he was not given the opportunity to litigate a claim, which resulted in actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To prove actual injury, the prisoner must "demonstrate that a non-frivolous legal claim [was] frustrated or . . . impeded." *Id.*

Here, Plaintiff has failed to allege that he suffered any actual injury or prejudice as a result of Defendant Horner's conduct. Rather, Plaintiff simply claims that he was unable to engage in legal work for a limited period of time on five occasions. These allegations are insufficient, as a matter of law, to state a first amendment claim.

D.   Eighth Amendment Claim

In order to establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show: (1) that the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 1980 (1994). In this case, Plaintiff's allegations fall short of alleging such a claim.

In his Complaint and the documents attached to his Complaint, Plaintiff alleges that Defendant Horner failed to turn on the lights in Plaintiff's cell at 7:00 a.m. on five occasions. Plaintiff states that on November 3, 2005, Defendant Horner denied Plaintiff adequate lighting between 1:27 p.m. and 2:37 p.m. and that on November 23, 2005, Defendant Horner did not turn on the lights in Plaintiff's cell until 8:42 a.m. On January 10, 2006, and April 23, 2006, Defendant Horner allegedly failed to turn the lights on in Plaintiff's cell until 9:00 a.m. On June 3, 2006, Defendant Horner allegedly refused to turn on Plaintiff's lights until 9:45.[4]

Defendant Horner's alleged failure to turn on the lights in Plaintiff's cell for a total of eight-and-one-half hours over a seven-month time period, assuming all allegations are

---

[4] Although the Court is aware that these events took place more than three years before Plaintiff filed this lawsuit, in his Complaint, Plaintiff explains the ongoing problems that he has experienced trying to exhaust his administrative remedies. As a result, the Court cannot find that Plaintiff's claims are time-barred.

5

true, does not constitute denial of the minimal civilized measure of life's necessities. Further, based upon the attachments to Plaintiff's Complaint, it appears that Plaintiff had a cell window which allowed natural light into his cell (#2 at p. 22). Accordingly, this claim fails.

  E. Retaliatory Discipline Claim

"An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights." *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). To establish a retaliatory discipline claim, a plaintiff must show that: "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Plaintiff claims that Defendant Horner issued a disciplinary against him in retaliation for his filing multiple grievances complaining of Defendant Horner's alleged misconduct. Plaintiff concedes that Warden Luckett dismissed the disciplinary issued by Defendant Horner (#2 at p.13). As a result, Plaintiff was not disciplined and cannot establish the elements necessary to proceed on a retaliatory discipline claim.

  F. Violation of ADC Policy

Plaintiff also claims that Defendant Horner violated his constitutional rights by failing to follow ADC procedure when he declined to turn on the lights in Plaintiff's cell

on time. However, "there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Thus, even assuming that Defendant Horner violated ADC procedure, Plaintiff's claim fails.

**IV.**     **Conclusion:**

This Court recommends that the District Court DISMISS Plaintiff's Complaint (#2) with prejudice, with the dismissal counting as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court also recommends that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and would not be taken in good faith.

DATED this 23rd day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE