**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DAVID WILLIAMS**                                                             **PLAINTIFF**
**ADC # 78730**

**VS.**              **CASE NO. 5:09CV00163-JMM-BD**

**SCOTT HORNER**                                                  **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody. Mr. Williams–or any party–may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Background:

Plaintiff David Williams, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit alleging that Defendant Scott Horner retaliated against him by calling him a "snitch," thereby subjecting him to a substantial risk of harm at the hands of other inmates.

Officer Horner has now filed a motion for judgment on the pleadings or, in the alternative, a motion for summary judgment arguing that Mr. Williams failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); that Officer Horner is entitled to qualified immunity; and that Mr. Williams is not entitled to compensatory damages under the PLRA. (Docket entry #54) Because Mr. Horner attached various exhibits to his motion, the Court treated the motion as one for summary judgment. Mr. Williams has responded to the motion, and Officer Horner has replied. (#69, #70, #73 and #74)

Based on the evidence presented, the Court recommends that the motion for summary judgment (#54) be GRANTED and that Mr. Williams's claims be DISMISSED without prejudice for failing to exhaust his administrative remedies.

**III.     Discussion:**

    A.     Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910–11 (8th Cir. 2005)(internal citation omitted)("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")

If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

    B.     Exhaustion

The PLRA requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)(holding that available remedies "must be exhausted before a

complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). It does not matter that the prisoner subjectively believed that there was no point in pursuing administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners may be excused from completing administrative procedures, but only when correctional officials have prevented them from using the procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).

Several courts have held that a transfer from the institution where the cause of action arose to a different institution does not excuse the exhaustion requirement. See, e.g., *Medina Claudio v. Rodriguez–Mateo*, 292 F.3d 31, 35 (1st Cir. 2002); *Flourney v. Navarro*, 2008 WL 4184650 at *7 (C.D.Cal. 2008)(transfer from Los Angeles County Jail to California Department of Corrections does not exempt inmate from exhaustion); and *Dillard v. Pierce County*, 2011 WL 2530971 (W.D. Wash 2011). "A transfer to another facility, even if under the control of a different official, does not make the grievance procedure unavailable." *Id*. at *4.

It is undisputed that Mr. Williams filed an informal resolution concerning the events giving rise to this lawsuit on June 5, 2006 – two days after the incident occurred. (#2 at p.13)  On June 7, 2006, according to Mr. Williams's version of events, the informal resolution was returned to him without a response.  (#2 at p.13)  On June 8, 2006, Mr. Williams was transferred from the Varner SuperMax Unit ("VSM") of the ADC to the East Arkansas Regional Unit ("EARU").  He did not file a formal grievance regarding the events at issue until July 16, 2006.  (#2 at p.43)  That grievance was denied because Mr. Williams failed to comply with the ADC Inmate Grievance Procedure.  (#2 at p.67)  So Officer Horner argues that Mr. Williams failed to fully exhaust his administrative remedies as required by the PLRA.

Mr. Williams argues that administrative remedies were not "available" to him once he was transferred to the EARU.  He explains that his personal property was confiscated when he was transferred and was not returned to him until July 11, 2006.  Because the Inmate Grievance Procedure, Administrative Directive 04-1, requires that an inmate attach a copy of his informal resolution to his formal grievance, Mr. Williams claims that he was not able to comply with the Grievance Procedure until his property was returned.  Immediately after he received his property, he claims, he attempted to fully exhaust his administrative remedies.  Mr. Williams's argument is not persuasive.

Administrative Directive 04-01 provides that an informal resolution must be filed within fifteen days of the alleged occurrence.  (#54-1 at p.5)  ADC officials then have

three days to meet with the inmate to resolve the issue. (#54-1 at p.5) If the problem cannot be resolved, the inmate and problem solver must sign the informal resolution, after which the inmate may proceed to the formal grievance level. (#54-1 at pp.5-6) If the inmate does not receive a response to an informal resolution within three days, the inmate may proceed to the formal grievance level based on the lack of a response. (#54-1 at p.6).

Here, Mr. Williams filed an informal resolution at VSM, but did not receive a response. After arriving at the EARU, he should have filed a formal grievance based on a lack of response; he did not do so. As a result, Mr. Williams failed to comply with the ADC Inmate Grievance Procedure, and failed to exhaust his available administrative remedies.

Even assuming that Mr. Williams could not comply with ADC policy requiring inmates to attach the informal resolution to the formal grievance because his informal resolution had been confiscated, he fails to create a material dispute of fact regarding exhaustion.

Mr. Williams was transferred to the EARU five days after the incident with Officer Horner occurred. Because an inmate has fifteen days to file an informal resolution, Mr. Williams could have filed a new informal resolution upon his arrival at the EARU. Although he began filing grievances as early as six days after his arrival at the EARU, he claims that he did not know that he could file another informal resolution regarding

Officer Horner's conduct until the Deputy Director responded to his untimely grievance. He argues that the policy, as written, is vague. (#2 at p.67)

Mr. Williams's misunderstanding of the policy does not render his administrative remedies "unavailable." He was obviously familiar with the ADC Inmate Grievance Procedure. Further, the Court is not aware of any ADC Grievance Procedure provision which either prohibits an inmate from filing a new informal resolution after being transferred to another unit or prohibits a duplicative informal resolution from being filed.

Finally, Mr. Williams argues that he could not file an informal resolution or grievance regarding the incident with Officer Horner when he arrived at the EARU because ADC policy allows an inmate to file three grievances (or informal resolutions) per week. (#54-1 at p.10) This argument is unpersuasive.

Mr. Williams has failed to present any evidence that he was prevented from filing an informal resolution concerning Officer Horner's conduct after being transferred to the EARU. Although Mr. Williams may have decided that it was more important to file grievances concerning the confiscation of his personal property, that does not make his administrative remedies unavailable. Mr. Williams has failed to present any evidence that this policy <u>actually</u> prevented him from filing an informal resolution or grievance.

In contrast, Officer Horner has presented the Court with three informal resolutions and three grievances that Mr. Williams filed after his arrival at the EARU. (#54-2) According to ADC policy, Mr. Williams had fifteen days to file an informal resolution

regarding the incident with Officer Horner – until June 18, 2006.  Only one informal resolution and one grievance were filed before that date.  (#54-2 at p.2)  The other informal resolutions and grievances were filed after June 18, 2006.  (#54-2 at pp.3-6)  Therefore, based on the evidence presented, Mr. Williams had ample opportunity to file another informal resolution within the time allotted.

Because Mr. Williams has failed to create a material dispute of fact on the issue of exhaustion, the Court finds that Officer Horner is entitled to judgment as a matter of law.

## IV.    Conclusion:

The Court recommends that the motion for summary judgment (#54) be GRANTED and that Mr. Williams's claims be DISMISSED without prejudice.

DATED this 15th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE